# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CINDY SPAIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-1088 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R

This matter is now before the Court on Plaintiff's Motion for Remand. For the reasons set forth below, the Motion [#10] is DENIED.

### BACKGROUND

Plaintiff, Cindy Spain ("Spain"), submitted an application for disability insurance benefits ("DIB"). On April 12, 2008, an Administrative Law Judge ("ALJ") ruled that she had not established disability and was therefore not entitled to receive benefits. This ruling became the final decision of the Commissioner when the Appeals Council denied Spain's request for review on January 18, 2009, and it is this ruling that is currently being challenged in this litigation.

Spain then filed a second application for DIB. On February 23, 2009, she received a fully favorable decision finding that she has been under a disability since January 1, 2009, and awarding benefits. She has now filed a document entitled Motion to Remand

seeking to supplement the record in her first application with new evidence and information concerning this subsequent award of benefits and obtain further consideration.

## DISCUSSION

Sentence 6 of 42 U.S.C. § 405(g) provides in relevant part:

> The Court may, on motion of the Commissioner of Social Security made for good cause shown before he files his answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . .

42 U.S.C. § 405(g).

Here, Spain asks the Court to remand this matter to the Commissioner with specific instructions to supplement the record with details and information from her second application for benefits. The two applications involve different time periods, with the second decision effectively finding that even with consideration of the new evidence, her disability did not begin until more than eight months after the ALJ in the first case issued the decision finding that she was not disabled. Given this timing, the Court cannot find that the record before the Court meets the standard necessary for awarding a Sentence 6 remand at this time or that it poses a reasonable probability that the Commissioner would have reached a different result had the evidence been considered. Papendick v. Sullivan, 969 F.2d 298 (7th Cir. 1992); Perkins v. Chater, 107 F.3d 1290, 1296 (7th Cir. 1997). Accordingly, a Section 6 remand is neither warranted and appropriate, and Spain's Motion must be denied.

**CONCLUSION**

For the reasons set forth herein, Plaintiff's Motion for Remand [#10] is DENIED. Plaintiff's Motion for Summary Judgment is overdue, and if she wishes to continue to pursue this appeal, she must have her motion on file no later than December 4, 2009. Failure to comply with this deadline will result in the dismissal of this action for failure to prosecute.

ENTERED this 9th day of November, 2009.

        s/ Michael M. Mihm
        Michael M. Mihm
        United States District Judge